UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIRANBHAI PATEL a/k/a KIRAN PATEL, ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GLOGOVSKY OIL COMPANY II, INC. and ) <br> PRAGNESH SHAH, individually, ) <br> ) <br> Defendants. ) | Case No. <br><br> Judge |

**COMPLAINT**

Plaintiff Kiranbhai Patel a/k/a Kiran Patel ("Plaintiff"), through his attorneys, and for his Complaint against Glogovsky Oil Company II, Inc. ("Glogovsky") and Pragnesh Shah, individually ("Shah") (collectively "Defendants"), state as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime pay to Plaintiff, under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* for Defendants' failure to pay Plaintiff for all time worked in individual work weeks, and under the FLSA for Defendants' retaliatory termination of Plaintiff's employment after Plaintiff asked to be paid overtime pay for time he worked in excess of forty (40) hours in individual work weeks.

2. Plaintiff worked for Defendants as a cashier from approximately March 2010 to January 6, 2015.

3. In one or more work weeks during the previous three (3) years, Defendants failed to pay Plaintiff overtime wages at the rate of one and one-half times his regular rate of pay for

the time he worked in excess of forty (40) hours in individual work weeks. See, e.g., Exhibit A, hereto, two exemplars of Plaintiff's earning statements showing that Defendants paid Plaintiff his then applicable straight-time regular rate of $9.50 and $10.00 per hour for 150 and 122 hours or work in bi-weekly pay periods, respectively.

4. In one or more work weeks during the previous three (3) years, Defendants also failed to pay Plaintiff for all time he worked in individual work weeks.

5. When Plaintiff complained to Defendants about not being paid overtime pay, Defendants terminated his employment.

**THE PARTIES**

6. Plaintiff is a citizen of the State of Illinois and resides in and is domiciled within this judicial district.

7. Defendant Glogovsky Oil Company II, Inc. is an Illinois corporation.

8. Defendant Glogovsky's principal place of business is within this judicial district.

9. Defendant Glogovsky operates Shell gas stations and convenience stores located at 301 E. Central Road, Arlington Heights, Illinois 60005; 1097 E. Main, Dundee, Illinois, 60118; and 4231 W. Arlington Rd., Lake in the Hills, Illinois 60156.

10. Defendant Pragnesh Shah is Plaintiff's former manager.

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant in or about March 2010. Plaintiff worked for Defendant as a cashier. Other than certain periods of vacation time, Plaintiff was continuously employed by Defendant until his termination from employment in January, 2015.

12. Plaintiff was hired to work for Defendant Glogovsky by Defendant Shah. At the

time Plaintiff was hired, Defendant Shah set Plaintiff's rate of pay at $8.00 per hour. Defendant Shah also set Plaintiff's work schedule throughout his employment.

13. Plaintiff was an "employee" of Defendant Glogovsky, as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

14. Plaintiff was an "employee" of Defendant Glogovsky, as that term is defined by and the IMWL, 820 ILCS 105/3(d).

15. Plaintiff was an "employee" of Defendant Shah, as that term is defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

16. Plaintiff was an "employee" of Defendant Shah, as that term is defined by as that term is defined by and the IMWL, 820 ILCS 105/3(d).

17. Defendant Glogovsky was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

18. Defendant Glogovsky was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3(c).

19. At all relevant times herein, Defendant Glogovsky was Plaintiff's an "employer" as defined by the IWPCA, 820 ILCS 115/1 *et. seq*. and Plaintiff was Defendant Glogovsky's "employee" within the meaning of that Act.

20. Defendant Shah was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

21. Defendant Shah was Plaintiff's "employer" as that term is defined by the IMWL, 820 ILCS 105/3(c).

22. Defendant Shah was Plaintiff's an "employer" as defined by the IWPCA, 820

ILCS 115/1 *et. seq.* and Plaintiff was Defendant Shaw's "employee" within the meaning of that Act.

23. Defendant Glogovsky is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

24. Defendant Glogovsky is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A).

25. Defendant Glogovsky's gross volume of sales made or business done exceeded $500,000 in 2012, 2013 and 2014.

26. During the course of his employment by Defendants, Plaintiff handled goods that moved in interstate commerce and that were sold into interstate commerce, including fuel.

27. At no time during his employment by Defendants was Plaintiff exempt from the overtime pay provisions of the FLSA, 29 U.S.C. § 207.

28. At no time during his employment by Defendants was Plaintiff exempt from the overtime pay provisions of the IMWL, 820 ILCS 105/4 *et seq*.

**JURISDICTION AND VENUE**

29. This Court has jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S. C § 1331.

30. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this judicial district.

31. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## COUNT I
## Violation of the Illinois Minimum Wage Law – Overtime Wages

32. Plaintiff incorporates and realleges the previous paragraphs of this Complaint as though set forth herein.

33. During the course of his employment with Defendants, Plaintiff was not exempt from the overtime provisions of the IMWL.

34. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours.

35. During his employment with Defendants, Plaintiff was regularly directed by Defendants to work, and did work, in excess of forty (40) hours in individual work weeks. Ex. A.

36. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Plaintiff was paid his straight-time regular rate of pay for all time worked. Ex. A.

37. In addition, Defendants also failed to pay Plaintiff his earned overtime by paying Plaintiff only for his scheduled hours of work, rather than his actual hours of work. For example, Plaintiff customarily clocked-in and began working at or around 4:45 a.m., yet Defendants commenced paying Plaintiff at 5:00 a.m., the start of Plaintiff's regularly scheduled work shift. Defendant likewise stopped paying Plaintiff at the end of his scheduled work shift, regardless of the fact that Plaintiff customarily continued to work.

38. Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus interest in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or his regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Overtime Wages

40. Plaintiff incorporates and realleges the previous paragraphs of this Complaint as though set forth herein.

41. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 207, for their failure to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) hours in one or more individual workweeks.

42. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in individual work weeks. Ex. A.

43. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

6

44. When Plaintiff worked over forty (40) hours in individual work weeks, Defendants failed to pay Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours. Instead, Defendants paid Plaintiff his straight time regular hourly rate of pay for all time worked.

45. In addition, Defendants also failed to pay Plaintiff his earned overtime by paying Plaintiff only for his scheduled hours of work, rather than his actual hours of work. For example, Plaintiff customarily clocked-in and began working at or around 4:45 a.m., yet Defendants commenced paying Plaintiff at 5:00 a.m., the start of Plaintiff's regularly scheduled work shift. Defendant likewise stopped paying Plaintiff at the end of his scheduled work shift, regardless of the fact that Plaintiff customarily continued to work.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the Fair Labor Standards Act, 29 U.S.C. § 207.

47. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiff's regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages

48.   Plaintiff incorporates and realleges the previous paragraphs of this Complaint as though set forth herein.

49.   This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff his earned wages for all time worked.

50.   This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §1367 and venue is proper in this judicial district.

51.   At all relevant times hereto, Plaintiff performed work for Defendants.

52.   Defendants and Plaintiff had an agreement that Plaintiff would be paid his then applicable hourly rate of pay for all time that he worked for Defendants.

53.   Plaintiff was entitled to be paid for all time he worked for Defendants.

54.   Defendants failed to pay Plaintiff for all hours he worked. For example, Defendant paid Plaintiff only for his scheduled hours of work, rather than his actual hours of work. For example, Plaintiff customarily clocked-in and began working at or around 4:45 a.m., yet Defendants commenced paying Plaintiff at 5:00 a.m., the start of Plaintiff's regularly scheduled work shift. Defendant likewise stopped paying Plaintiff at the end of his scheduled work shift, regardless of the fact that Plaintiff customarily continued to work.

55.   Defendants' failure to pay Plaintiff for all time worked as agreed to by the parties violated the IWPCA.

56.   Plaintiff has been damaged by the failure to be paid all his earned wages.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

    A.    a judgment in the amount of all back wages due, as provided by the IWPCA;

    B.    interest equal to 2 percent of the amount of non-payment for each month following the date of non-payment, as provided for by 820 ILCS 115/14;

    C.    prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    D.    reasonable attorneys' fees and costs incurred in prosecuting this action, as provided for by 820 ILCS 115/14; and

    E.    such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Fair Labor Standards Act - Retaliation

57. Plaintiff incorporates and realleges the previous paragraphs of this Complaint as though set forth herein.

58. This Count arises from the violation of the FLSA for Defendants' retaliatory termination of Plaintiff's employment because he complained about not being paid overtime wages. 29 U.S.C. §215.

59. In approximately December 2014, Plaintiff called Defendant Shah on two separate occasions and asked why he was not being paid overtime.

60. Defendant responded by telling Plaintiff that Defendants did not pay overtime wages at his work location. Shah also stated that he would further discuss Plaintiff's concerns when Plaintiff returned from an already scheduled, and pre-approved vacation.

61. Upon Plaintiff's return from his vacation, Plaintiff telephone Defendant Shah to coordinate his return to work.

62. Defendant Shaw told Plaintiff that Defendants would not be returning him to his

job, but that instead his employment was terminated.

63. Defendants terminated Plaintiff's employment in retaliation for his complaints about not being paid overtime pay.

64. Defendants' unlawful retaliation against Plaintiff violated the FLSA. 29 U.S.C. § 215(a)(3).

65. Plaintiff has been damaged as a result of Defendants' unlawful termination of his employment with Defendants.

WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:

A. a judgment for compensatory and punitive damages;

B. reasonable attorneys' fees and costs incurred in filing this action; and

C. such other relief under the FLSA as this Court deems appropriate and just.

Dated: March 27, 2015

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman – dwerman@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Il 60602
312-419-1008

Attorneys for Plaintiff